UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TOWAKI KOMATSU,<br><br>                                       Plaintiff,<br><br>                  -against-<br><br>THE CITY OF NEW YORK, et al.,<br><br>                                       Defendants. | 20-CV-8251 (ER)<br><br>ORDER OF SERVICE |

EDGARDO RAMOS, United States District Judge:

Plaintiff, appearing *pro se*, brings this action under 42 U.S.C. §§ 1983, 1985, and 1988, as well as under New York State law, alleging that Defendants unlawfully prevented him from attending two public meetings. By order dated October 7, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).

## DISCUSSION

### A.     Service on Named Defendants

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summonses and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summonses and complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date the summonses are issued. If the complaint is not served within that time, Plaintiff should request an

extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants City of New York; New York City Police Department (NYPD) Inspector Howard Redmond; Mayor Bill de Blasio; former NYPD Commissioner James O'Neill; NYPD Detective Nicholas Mason, Shield #6995; NYPD Officer Baez, Shield # 5984; NYPD Officer Hansen, Shield #4028; NYPD Lieutenant Ralph Nieves; Nick Gulotta; Jessica Ramos; Marco Carrion; Cyrus R. Vance, Jr.; and Lawrence Byrne, Jr. through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**B.     John Doe Defendants**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the NYPD to identify "NYPD Officer John Doe 1 10/4/17," "NYPD Officer John Doe 2, 10/4/17," "John Doe 2 10/4/17," and "DA John Doe Bodyguard." It is therefore ordered that the New York City Law Department, which is the attorney for and agent of the NYPD, shall ascertain the identities of these John Doe Defendants whom Plaintiff

2

seeks to sue here and the addresses where these defendants may be served. The New York City Law Department shall provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file an amended complaint naming the John Doe defendants. The amended complaint will replace, not supplement, the complaint. An Amended Complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen the submission and, if necessary, issue an order directing the Clerk of Court to complete the USM-285 forms with the addresses for the named John Doe defendants and deliver all documents necessary to effect service to the U.S. Marshals Service.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Clerk of Court is further instructed to complete the USM-285 forms with the addresses for the City of New York, Redmond, Mayor de Blasio, O'Neill, Mason, Baez, Hansen, Nieves, Gulotta, Ramos, Carrion, Vance, and Byrne, issue summonses, and deliver all documents necessary to effect service to the U.S. Marshals Service. The Clerk of Court is also directed to mail a copy of this order and the complaint to the New York City Law Department at: 100 Church Street, New York, NY 10007. An Amended Complaint form is attached to this order. SO ORDERED.

Dated:   October 8, 2020
         New York, New York

                                                      EDGARDO RAMOS
                                                      United States District Judge

Copies Mailed/Faxed
Chambers of Edgardo Ramos

**DEFENDANTS AND SERVICE ADDRESSES**

1. City of New York
   100 Church Street
   New York, NY 10007

2. NYPD Inspector Howard Redmond
   NYC Mayor Security Detail
   City Hall
   New York, NY 10007

3. NYPD Lieutenant Ralph Nieves
   Tax # 902104
   New York Police Department
   1 Police Plaza
   Room 110C
   New York, NY 10038

4. Mayor Bill de Blasio
   City Hall
   New York, NY 10007

5. Jessica Ramos
   City Hall
   New York, NY 10007

6. Nick Gulotta
   City Hall
   New York, NY 10007

7. Marco Carrion
   City Hall
   New York, NY 10007

8. James O'Neill, former NYPD Commissioner
   New York Police Department
   1 Police Plaza
   Room 110C
   New York, NY 10038

9. NYPD Detective Nicholas Mason, Shield #6995
   NYC Mayor Security Detail
   City Hall
   New York, NY 10007

10. NYPD Officer Baez, Shield # 5984
    NYC Mayor Security Detail

        City Hall
        New York, NY 10007

11.   NYPD Officer Hansen, Shield #4028
      NYC Mayor Security Detail
      City Hall
      New York, NY 10007

12.   Cyrus R. Vance, Jr.
      Manhattan District Attorney
      One Hogan Place
      New York, NY 10013

13.   Lawrence Byrne, Jr.
      Office of the Deputy Commissioner
      One Police Plaza, Room 1320
      New York, NY 10038