Copies Mailed/Faxed
Chambers of Edgardo Ramos



# MEMO ENDORSED

**JAMES E. JOHNSON**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**EVAN J. GOTTSTEIN**
*Assistant Corporation Counsel*
Tel:  (212) 356-2262
Fax: (212) 356-3509
egottste@law.nyc.gov

December 7, 2020

**By ECF**
Honorable Edgardo Ramos
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

> Defendant's request for an additional 30 days to respond to the Court's Order of Service is GRANTED.  Defendant must file an additional response by no later than Jan. 7, 2021. SO ORDERED.
>
> Edgardo Ramos, U.S.D.J
> Dated: 12/8/2020
> New York, New York

Re:   **Towaki Komatsu v. City of New York, et al.**
      **20-CV-8251 (ER) (GWG)**

Your Honor:

      I am an Assistant Corporation Counsel in the Office of James E. Johnson, Corporation Counsel of the City of New York, and the attorney assigned to the defense of the above-referenced matter.[1]  I write in response to the Court's Order of Service dated October 8, 2020 (ECF No. 4), and to respectfully request a stay of the effect of the Court's October 8, 2020 Order.  This is the first request for such a stay.

      By way of background, plaintiff filed a 146-page complaint on October 5, 2020, alleging, *inter alia*, that: (1) on October 3, 2017, NYPD officers outside City Hall prevented plaintiff from participating in a "take a knee" demonstration organized by then-City Councilman Jumaane Williams on the steps of City Hall; and (2) on October 4, 2017, plaintiff was prevented from attending a mayoral town hall even in the Bronx.[2]  Plaintiff names as defendants the City of New York, Mayor de Blasio, former NYPD Commissioner James O'Neill, the former NYPD

---

[1] This office represents defendants City of New York and Mayor de Blasio in this matter.  As additional defendants are served and request representation, this Office will make representation determinations regarding those defendants.

[2] The remainder of the allegations in the 148-page complaint does not relate to the causes of action asserted in connection with the October 3 and October 4 events.

Deputy Commissioner of Legal Matters, the Commissioner of the City's Community Affairs Unit, the Manhattan District Attorney, and several individuals whom plaintiff alleges did not give him an admission ticket or otherwise prevented him from attending the events on October 3 and October 4, 2017.  Plaintiff also attempts to sue several unidentified individuals: "NYPD Officer John Doe 1 10/4/17;" "NYPD Officer John Doe 2 10/4/17;" "John Doe 1 10/4/17;" "John Doe 2 10/4/17;" and "DA John Doe Bodyguard."  Plaintiff's complaint contains photographs of three of the five unidentified individuals whom he intends to sue.  (*See* Compl. pp. 13-15)

In the October 8, 2020 Order, the Court directed this Office to "ascertain the identities of [NYPD Officer John Doe 1 10/4/17; NYPD Officer John Doe 2 10/4/17; John Doe 2 10/4/17; and DA John Doe Bodyguard,] and the addresses where these defendants may be served. (ECF No. 4)  This Office has identified, upon information and belief, the following individual who is depicted in the photographs on page 15 of the complaint:

- Joshua Cortez, who was a member of the Mayor's Office's Community Affairs Unit on October 4, 2017, has since resigned from that position.  This Office is in the process of ascertaining whether Mr. Cortez will agree to have the Mayor's Office accept service on his behalf in this action.

This Office would require additional time to complete its investigation as to the identities of other unidentified defendants listed in the Court's *Valentin* Order, and either determine who they appear to be or determine that they cannot be identified with the information in the complaint.  Defendants anticipate moving to dismiss the complaint in this action and related cases filed by plaintiff for, among other reasons, failure to comply with Rule 8 of the Federal Rules of Civil Procedure, failure to state a claim upon which relief can be granted, failure to initiate the action within the appropriate limitations period, and for frivolous, redundant, immaterial, and vexatious filings.  Defendants will address this proposed motion in a pre-motion letter to be filed with the Court on December 11, 2020.  Therefore, defendants respectfully request that the Court stay this Office's time to identify the names and service addresses of the remaining unidentified defendants until after that motion is decided.

If Court declines to stay the effect of the October 8, 2020 Order, defendants respectfully request that the Court allow this Office an additional 30 days to identify the remaining "John Doe" defendants or determine that they cannot be identified.

Defendants' counsel contacted plaintiff to seek his consent for this application, and plaintiff refused such consent, stating only: "No. Go file your frivolous dismissal motion while I go for summary judgment and Defendant Redmond got his ass kicked by the Appellate Division's First Department last Thursday."

Accordingly, defendants respectfully request that the Court stay the effect of the Court's October 8, 2020 Order, or, in the alternative, allow defendants an additional 30 days to conclude their response to that order.

Defendants thank the Court for its consideration herein.

Respectfully submitted,

*Evan J. Gottstein*            /s/

Evan J. Gottstein
*Assistant Corporation Counsel*
Special Federal Litigation Division

cc:     **(Via First-Class Mail)**
        Towaki Komatsu
        *Plaintiff Pro Se*
        802 Fairmount Pl., Apt. 4B
        Bronx, New York 10460